OPINION
{¶ 1} Pierre Deveaux, respondent-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the trial court denied his motion pursuant to Civ.R. 60(B).
 {¶ 2} Appellant and Amy Mattingly, petitioner-appellee, were involved in a relationship that commenced in late 2000, and continued sporadically for several months. The parties seemingly had a final break-up in December 2001. However, the two reunited briefly in February 2002. Unfortunately, the short three-day reunion culminated in a physical confrontation involving a cell phone and appellant filing a police report as a result thereof. In February and March 2002, the parties traded several angry e-mails and telephone conversations. Both parties also engaged in various other retaliatory and vindictive actions during this time, as well as times prior to February 2002. On March 8, 2002, appellee filed a petition for a stalking civil protection order ("CPO"), alleging appellant had broken into her home several months before, had stolen personal items, was caught spying on her with binoculars, had threatened her new boyfriend, had left threatening e-mails and phone messages, and was continually driving by her house. The trial court issued an ex parte stalking CPO. On April 22, 2002, a magistrate held a final CPO hearing. On April 30, 2002, the magistrate issued a very lively and detailed decision, in which he concluded that a CPO was not warranted. However, the magistrate did conclude that appellee proved entitlement to a permanent injunction against any communication by appellant. On May 9, 2002, the magistrate issued an entry correcting two non-substantive typographical errors in the prior decision. The trial court adopted the magistrate's decision on May 21, 2002.
 {¶ 3} On May 21, 2003, appellant moved for relief from judgment, pursuant to Civ.R. 60(B), claiming that it was not necessary for the magistrate to put a court order in place to "maintain the peace" when no party requested such. He said the parties had not had any contact since the prior proceedings, and the injunction was unnecessary. Appellant also indicated that he had filed an action for malicious prosecution, abuse of process, assault, battery, and defamation against appellee. On July 10, 2003, the trial court denied appellant's Civ.R. 60(B) motion. The trial court found appellant did not meet any of the requirements for such relief. The court reasoned that the fact that the parties had not communicated for one year does not constitute a defense, given appellant was enjoined from having any contact with appellee by the magistrate's prior order; appellant's expectation that he would prevail in the other action against appellee was not a ground to vacate the judgment; appellant did not indicate under which of the specific grounds stated in Civ.R. 60(B)(1) through (5) he was entitled to judgment; his argument should have been raised in objections to the prior magistrate's decision; and his motion was untimely. Appellant appeals the judgment of the trial court, asserting the following two assignments of error:
[I.] The Trial Court abused its discretion by failing to grant an evidentiary hearing pursuant to a motion filed by Appellant.
[II.] The Trial Court granted a remedy that was not requested and was powerless to issue.
 {¶ 4} Appellant argues in his first assignment of error that the trial court abused its discretion by failing to grant an evidentiary hearing based upon appellant's motion for relief from judgment pursuant to Civ.R. 60(B), which provides:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 {¶ 5} Whether to grant a motion for relief from judgment is entrusted to the discretion of a trial court and, absent an abuse of discretion, an appellate court will not disturb a trial court's ruling. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable. State ex rel. Edwards v. ToledoCity School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106, 107.
 {¶ 6} To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Civ.R. 60(B) relief is improper if any one of the foregoing requirements is not satisfied. Strack v. Pelton
(1994), 70 Ohio St.3d 172, 174.
 {¶ 7} In addition, if the Civ.R. 60(B) motion contains allegations of operative facts that would warrant relief from judgment, the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion. State exrel. Richard v. Seidner (1996), 76 Ohio St.3d 149, 151. Conversely, an evidentiary hearing is not required where the motion and attached evidentiary material do not contain allegations of operative facts that would warrant relief under Civ.R. 60(B). Id.
 {¶ 8} In this case, the trial court did not hold an evidentiary hearing. Appellant claims he demonstrated all three prongs of the GTE requirements. Appellant asserts in his appellate brief he is entitled to relief based upon newly-discovered evidence, apparently pursuant to Civ.R. 60(B)(2), although not explicitly cited. In his brief, appellant points to the following evidentiary items: (1) phone records from appellee and her friends, discovered in the process of the other litigation, that demonstrate appellee initiated phone calls to taunt him into a response; and (2) discovery from the other litigation showing that appellee assaulted him by hitting him in the face, was guilty of trespass on his property, and destroyed his cell phone. Appellant claims this evidence from the other action was not available at the time of the current litigation.
 {¶ 9} We find the trial court did not abuse its discretion in failing to grant appellant an evidentiary hearing for several reasons. Nowhere in appellant's motion filed in the trial court did he identify which ground for relief entitled him to vacation of the judgment. Appellant stated merely that he could show that appellee initiated the conduct that formed the basis of the magistrate's injunction without any further explanation. A movant's failure to identify which ground of Civ.R. 60(B) is being invoked alone may be fatal to a Civ.R. 60(B) motion. See, e.g., Rhodes v. Rhodes (Nov. 7, 2001), Summit App. No. 20512;In re Tucker (Apr. 20, 2000), Cuyahoga App. No. 76630; Blackv. Harris (Dec. 30, 1994), Montgomery App. No. 14583. Neither a responding party nor a trial court can be expected to divine the specific grounds under which a movant seeks relief. Helman v.EPL Prolong, Inc. (2000), 139 Ohio App.3d 231, 240; Rhodes,
supra; Black, supra. In the present case, despite the trial court's specific indication that appellant had failed to identify a ground for relief, appellant still failed to specify in his appellate brief under which ground he was pursuing his motion. Although we glean that he wishes to base his motion upon newly-discovered evidence under Civ.R. 60(B)(2), such is hardly decipherable from his trial court motion. In fact, the trial court did not analyze his motion under such ground. Accordingly, the second prong of the GTE test has not been satisfied inasmuch as appellant failed to specify in his motion under which Civ.R. 60(B) ground he was seeking relief.
 {¶ 10} In addition, appellant did not demonstrate that he had a meritorious defense or claim to present if relief was granted. A movant need not prove that he will prevail on the meritorious defense, but the movant must allege supporting operative facts with enough specificity to allow the court to decide that the movant has a defense he could have successfully argued at trial.Elyria Twp. Bd. of Trustees v. Kerstetter (1993),91 Ohio App.3d 599, 602. Although appellant has cited some specific reasons relating to the newly-discovered evidence from the other litigation in his appellate brief, his trial court motion gave absolutely no explanation or description of such evidence that he intended to use to "show" that appellee initiated the conduct that formed the basis of the magistrate's injunction. Even in this court, appellant fails to specify the evidence that supports his allegations, relying instead upon bald assertions. A movant must do more than make bare allegations that he or she is entitled to relief. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20. Appellant, in the present case, made the barest of allegations that he could show appellee initiated the conduct that formed the basis of the injunction. He made no argument as to how he could show this. While he was not required to submit an affidavit or copies of the evidence from the other litigation, appellant was required to allege operative facts in some manner. Clearly, appellant did not allege supporting operative facts with enough specificity to allow the trial court to determine whether he had a meritorious claim.
 {¶ 11} Further, appellant's evidence was not "newly discovered," for purposes of Civ.R. 60(B)(2). In order to be "newly discovered" evidence, it cannot have been discoverable with due diligence at the time of the original hearing. See Civ.R. 60(B)(2). Clearly, the phone records from appellee and her friends, although allegedly not discovered until the subsequent action, were certainly available with due diligence at the time of the magistrate's hearing in the present case. Appellant fails to explain why he could not procure such in a timely manner. Also, that appellee hit appellant in the face, was on his property, and broke his cell phone were all facts that the magistrate already had before him in the present case. In appellee's April 2, 2002 deposition, appellee specifically stated that she could not confirm or deny that she struck appellant with an open hand during "a mutual combat" over the cell phone and said she could not remember whether she hit appellant during the tussle. In addition, the April 2, 2002 deposition also details the circumstances surrounding appellee entering appellant's property and the destruction of his cell phone, and appellee never denied that these incidents took place. The magistrate had this deposition testimony before him for consideration, as it was filed as a part of the record. Therefore, none of this evidence cited by appellant was "newly discovered," for purposes of Civ.R. 60(B).
 {¶ 12} However, even if we were to consider appellant's evidence, he has failed to present a meritorious claim. The magistrate referenced throughout his lengthy, detailed decision examples of both parties' reciprocal personal attacks, crude e-mails and telephone calls, and injections into each other's personal lives and relationships. The magistrate admitted that the cause and effect was "jumbled" in the case, and it was impossible to tell whether appellee was goading appellant into retaliatory strikes or vice versa. The magistrate found that there was not clearly one instigator of unwanted contact, both parties actively sustained the foul-mouthed dialogue, and appellee's e-mails and phone messages were no less undignified than appellant's with the use of her own "special personal references" to appellant. The magistrate further pointed out that both parties' "childish need" to have the last word set them on an endless adverse cycle of retribution. Thus, clearly, the magistrate looked at the actions of both parties and weighed all this evidence in rendering his decision. Thus, even if we were to term as "new" appellant's evidence of more instances of alleged bad behavior by appellee, it would have been merely superfluous to the myriad illustrations of unsavory behavior by both parties that the magistrate already considered. See Holden v. Ohio Bur.of Motor Vehicles (1990), 67 Ohio App.3d 531, 540 ("newly discovered" evidence under Civ.R. 60(B) cannot merely be cumulative). Thus, appellant has not demonstrated that the inclusion of his evidence would have had any effect on the magistrate's decision. See id. (the movant must demonstrate that, because of the newly-discovered evidence, a new trial would probably produce a different result). Consequently, the first prong of the GTE test was also not satisfied. Because appellant's motion did not contain allegations of operative facts that would warrant relief under Civ.R. 60(B), the trial court did not err in failing to hold an evidentiary hearing. Accordingly, appellant's first assignment of error is overruled.
 {¶ 13} Appellant argues in his second assignment of error that the trial court erred in granting the permanent injunction because that relief was not requested by the parties. However, a party may not raise issues that could have been raised upon appeal, and errors that could have been corrected by timely appeal cannot be the predicate for a Civ.R. 60(B) motion for relief from judgment. Daroczy v. Lantz, Franklin App. No. 02AP-31, 2002-Ohio-5417, at ¶ 34, quoting Kelm v. Kelm (1992),73 Ohio App.3d 395, 399, affirmed (1993), 68 Ohio St.3d 39. In other words, Civ.R. 60(B) relief is not available as a substitute for appeal. Blasco v. Mislik (1982), 69 Ohio St.2d 684, 686. In the present case, appellant could have raised the current argument on objections to the magistrate's decision and upon further appeal of the subsequent court judgment. Therefore, appellant's second assignment of error is overruled.
 {¶ 14} Accordingly, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and Sadler, JJ., concur.