OPINION
{¶ 1} Plaintiff-appellant, Shannon Haynes ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas denying his motion for relief from judgment pursuant to Civ.R. 60(B). Defendant-appellee, the Ohio Department of Rehabilitation and Correction ("ODRC"), has not filed an appellate brief. Nevertheless, for the following reasons, we affirm the trial court's judgment.
 {¶ 2} On December 4, 2002, appellant filed a complaint for declaratory relief against ODRC in the Franklin County Court of Common Pleas. Appellant alleged that, in response to ODRC's notice of intention to seize funds from his inmate account to satisfy a stated court-ordered obligation, he claimed various exemptions, pursuant to R.C. 2329.66, which ODRC denied. Appellant requested a declaratory judgment that he was entitled to exemptions under R.C. 2329.66 and that the sale of allegedly exempt property does not negate his entitlement to the exemptions. Appellant also requested an order restraining ODRC from instituting any action against his interest in exempt property.
 {¶ 3} On January 7, 2003, ODRC filed a motion to dismiss appellant's complaint for failure to state a claim upon which relief could be granted pursuant to Civ.R. 12(B)(6). The trial court granted ODRC's motion on July 10, 2003. Subsequently, the court filed separate, identical journal entries dismissing appellant's complaint without prejudice on August 8, 2003 and October 27, 2003.
 {¶ 4} On March 23, 2004, appellant attempted to re-file his claims for declaratory relief against ODRC by filing a second complaint in the dismissed action. Appellant's second complaint contains no certificate of service, and appellant did not request service of his second complaint on ODRC. On June 23, 2004, appellant filed a motion for summary judgment on his second complaint. The court denied summary judgment on August 25, 2004, finding appellant's motion moot based on the court's previous termination of the case.
 {¶ 5} On September 22, 2004, pursuant to Civ.R. 60(B), appellant moved the trial court for relief from its entry denying his motion for summary judgment. Appellant argued that, because the dismissal of his original complaint was without prejudice, he was entitled to re-file his complaint pursuant to the Ohio savings statute. The trial court denied appellant's motion for relief from judgment on December 22, 2004.
 {¶ 6} In its December 22, 2004 decision and entry, the trial court stated that appellant failed to set forth valid grounds in support of his motion for relief from judgment and that the court lacked jurisdiction to consider appellant's second complaint. It is from this entry that appellant appeals, asserting the following assignment of error:
The trial court erred in denying plaintiff-appellant's motion for relief from judgment pursuant to Civil Rule 60(B), in light of the movant's clear showing of his entitlement to such relief.
 {¶ 7} In his sole assignment of error, appellant challenges the trial court's denial of his motion for relief from judgment. When reviewing a trial court's ruling on a motion for relief from judgment, an appellate court applies an abuse of discretion standard. Stuller v. Price, Franklin App. No. 02AP-29, 2003-Ohio-583, at ¶ 37. A trial court's discretion under Civ.R. 60(B) is quite broad. Pittsburgh Press Co. v. CabinetpakKitchens of Columbus, Inc. (1984), 16 Ohio App.3d 167, 168. The appellate court's role is to determine whether the trial court abused its discretion, not whether the appellate court may have reached a different result. Wilmington Steel Products, Inc. v. Cleve. Elec. Illum. Co.
(1991), 60 Ohio St.3d 120, 122. An abuse of discretion connotes more than an error of law or judgment and implies that the court's attitude was unreasonable, arbitrary or unconscionable. State v. Moreland (1990),50 Ohio St.3d 58, 61.
 {¶ 8} Civ.R. 60(B) sets forth the bases upon which a court may relieve a party from judgment and provides, in pertinent part:
On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment * * * for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment * * * was entered * * *.
"Civ.R. 60(B) is a remedial rule to be liberally construed so that the ends of justice may be served." Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 20.
 {¶ 9} In GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, at paragraph two of the syllabus, the Ohio Supreme Court set forth a three-prong test for evaluating a motion for relief from judgment. To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party has the burden of demonstrating that:
* * * (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was taken.
Id. The GTE requirements are independent, and if the moving party fails to satisfy any one of the three, the trial court should deny the motion for relief from judgment. Id. at 151, citing Universal Film Exchanges,Inc. v. Lust (C.A.4, 1973), 479 F.2d 573.
 {¶ 10} In this case, the trial court found that appellant failed to articulate valid grounds in support of his motion for relief from judgment. We agree and find that appellant failed to satisfy the second prong of the GTE test, which requires the moving party to establish his entitlement to relief under one of the grounds set forth in Civ.R. 60(B)(1) through (5). In his motion for relief from judgment, appellant did not identify any subsection of Civ.R. 60(B) under which he claims entitlement to relief. Instead, appellant simply stated his position that the trial court failed to consider his second complaint when denying his motion for summary judgment.
 {¶ 11} A movant's failure to identify which subsection of Civ.R. 60(B) he is invoking may alone be fatal to a motion for relief from judgment, as the second prong of the GTE test has not been satisfied. Mattingly v.Deveaux, Franklin App. No. 03AP-793, 2004-Ohio-2506, at ¶ 9; CentralOhio Sheet Metal, Inc. v. Walker, Franklin App. No. 03AP-951, 2004-Ohio-2816, at ¶ 13. "Neither a responding party nor a trial court can be expected to divine the specific grounds under which a movant seeks relief." Mattingly at ¶ 9, citing Helman v. EPL Prolong, Inc. (2000),139 Ohio App.3d 231, 240. In Central Ohio Sheet Metal, although the appellant argued in a motion for relief from judgment that he did not receive service of the summons and complaint, he did not discuss any grounds for relief as stated in Civ.R. 60(B)(1) through (5). Based on the appellant's failure to discuss any ground for relief stated in Civ.R. 60(B)(1) through (5), this court affirmed the trial court's denial of the appellant's motion for relief from judgment. Id. Similarly, although appellant herein argues that the trial court failed to consider his second complaint, he does not discuss which ground under Civ.R. 60(B) entitles him to relief. Based on appellant's failure to state under which subsection of Civ.R. 60(B) he claimed entitlement to relief, and for this reason alone, appellant's motion was defective. Therefore, the trial court did not abuse its discretion in denying appellant's motion for relief from judgment.
 {¶ 12} In addition to finding that appellant failed to articulate grounds in support of his Civ.R. 60(B) motion, the trial court also found that it lacked jurisdiction to grant appellant leave to file an amended complaint and, by extension, lacked jurisdiction to consider the second complaint that appellant filed. We likewise find that the trial court lacked jurisdiction to consider appellant's second complaint and subsequent motions.
 {¶ 13} The trial court's August 8, 2003 entry dismissed appellant's first complaint without prejudice. A dismissal without prejudice relieves the court of all jurisdiction over the matter and leaves the parties in the same position as if the plaintiff had never commenced the action.Stafford v. Hetman (June 4, 1998), Cuyahoga App. No. 72825; Butler v.Harper, Summit App. No. 21051, 2002-Ohio-5029, citing Central Mut. Ins.Co. v. Bradford-White Co. (1987), 35 Ohio App.3d 26, 28. A dismissal without prejudice has no res judicata effect, and the plaintiff may therefore re-file the dismissed claim because it has not been determined upon the merits. Butler. Nevertheless, a plaintiff's re-filing may be time-barred by the applicable statute of limitations unless the claim is preserved through operation of the savings statute, R.C. 2305.19. Id., citing McCann v. Lakewood (1994), 95 Ohio App.3d 226, 231.
 {¶ 14} Appellant argues that, because the trial court dismissed his original complaint without prejudice, the Ohio savings statute, R.C.2305.19(A), permitted him to re-file his complaint within one year of dismissal. At the time the trial court dismissed appellant's original action and at the time appellant filed his second complaint, R.C.2305.19(A) provided, in pertinent part, that:
In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date.[1] * * *
 {¶ 15} Former R.C. 2305.19 has no application unless an action was timely commenced but was dismissed without prejudice after expiration of the applicable statute of limitations. Lewis v. Connor (1985),21 Ohio St.3d 1, 4. A plaintiff whose claim fails otherwise than upon the merits when there is still time to file suit within the statute of limitations needs no savings statute because the plaintiff can re-file his lawsuit within the statutory period. Boron v. Brooks Beverage Mgt.,Inc. (June 30, 1999), Franklin App. No. 98AP-902, citing Day v. BrandtMed. Assoc., Inc. (June 3, 1992), Montgomery App. No. 13127; McAdow v.Abbott (Mar. 27, 2001), Adams App. No. 00CA691.
 {¶ 16} It is undisputed that appellant timely commenced a declaratory judgment action against ODRC by filing his original complaint and that the trial court dismissed appellant's original complaint for failure to state a claim upon which relief could be granted. Unless the court specifies otherwise in its order, a dismissal for failure to state a claim upon which relief can be granted constitutes an adjudication on the merits. Reasoner v. City of Columbus, Franklin App. No. 04AP-800,2005-Ohio-468, at ¶ 7. However, in its entry, the trial court specified that its dismissal of appellant's claims was without prejudice. "[A] dismissal without prejudice is said to be `otherwise than on the merits.'" Customized Solutions, Inc. v. Yurchyk Davis, CPA'S, Inc.,
Mahoning App. No. 03 MA 38, 2003-Ohio-4881, at ¶ 20, citing Staff Notes (1970), to Civ.R. 41(B)(3); Westerhaus v. Weintraut (Aug. 31, 1995), Cuyahoga App. No. 68605. Because the trial court specified that its dismissal of appellant's original action was without prejudice, the dismissal constituted a failure otherwise than upon the merits.
 {¶ 17} Having failed otherwise than upon the merits, appellant was entitled to re-file his claims. If the applicable statute of limitations expired prior to the trial court's dismissal, appellant was entitled to commence a new action, pursuant to R.C. 2305.19, within one year after the dismissal. If the statute of limitations had not expired prior to dismissal, appellant was entitled to commence a new action prior to the expiration of the applicable statute of limitations. However, whether filed within the statute of limitations or within one year after the trial court's dismissal, we find that the trial court lacked jurisdiction to consider appellant's second complaint based on appellant's failure to commence a new action.
 {¶ 18} After a failure otherwise than upon the merits, the trial court lacks jurisdiction over a plaintiff's claims. Stafford. Therefore, whether a plaintiff re-files a claim within the remaining limitations period or within one year after dismissal, the plaintiff must invoke the court's jurisdiction by properly commencing a new action. See R.C.2305.19(A); Civ.R. 3(A). R.C. 2305.17 provides that "[a]n action is commenced within the meaning of [R.C. 2305.19] by filing a petition in the office of the clerk of the proper court together with a praecipe demanding that summons issue or an affidavit for service by publication, if service is obtained within one year." Similarly, Civ.R. 3(A) provides that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant[.]" Although appellant filed a second complaint, he did not properly commence a new action.
 {¶ 19} An amended complaint filed under the original case number does not constitute a new action within the framework of the savings statute.Roof v. Elias (Apr. 11, 1997), Lucas App. No. L-96-207 ("[a]ppellant's amended complaint, although filed within the one-year time limit specified in the [savings] statute, was filed under the original case number and clearly did not constitute a `new action'"); Williams v.Assoc. In Female Health, Inc., Trumbull App. No. 2001-T-0072, 2002-Ohio-4954, at ¶ 15. An amended complaint does not constitute a new action under the savings statute, and the trial court has no jurisdiction to consider such a pleading. Id. In Williams, the court stated that:
* * * If appellants had wished to satisfy the requirements of the savings statute, appellants should have filed a new action, obtained a new case number with a new case cover sheet, and paid a new filing fee. Appellants did not do so in this case. As a result, appellants' amended complaint failed to meet the requirements of the savings statute. * * *
Id. Like the appellants in Williams, appellant here did not file a new action, obtain a new case number, or pay a new filing fee. Rather, appellant simply filed what amounts to an amended complaint in the previously dismissed action, over which the trial court no longer had jurisdiction.
 {¶ 20} Although Williams and Roof deal with cases re-filed under the savings statute, the courts' rationales apply equally to cases re-filed within the statute of limitations. Under either scenario, the trial court's dismissal without prejudice divests the trial court of jurisdiction over the claims and places the parties in a position as if the action had never been commenced. To invoke the trial court's jurisdiction on his re-filed claims, the plaintiff must commence a new action in accordance with Civ.R. 3(A). Absent the filing of a new action, the trial court lacked jurisdiction to act on appellant's second complaint and subsequent motions. See id.
 {¶ 21} This court previously considered an analogous situation inCutler v. Columbus Bd. of Edn. (Aug. 22, 1985), Franklin App. No. 85AP-380 ("Cutler"). In Cutler, the plaintiffs filed a complaint against various state officials and the Columbus Board of Education, collectively and individually. In an order from which the plaintiffs did not appeal, the trial court dismissed the claims against the state officials for lack of a justiciable issue. Subsequently, upon motion, the trial court dismissed the plaintiffs' claims against the remaining defendants.[2]
After the court's dismissal of their remaining claims, the plaintiffs proceeded by filing a second complaint under the original case number. The trial court struck the new pleading based on its previous dismissal and on the fact that the plaintiffs remained free to initiate a new action in a timely manner. This court affirmed, holding that "until plaintiffs timely and properly file a new action in the Court of Common Pleas, there is no lawsuit pending between the plaintiffs and such defendants[.]"Cutler.
 {¶ 22} Here, like in Cutler, no case was pending between the parties because appellant had not properly commenced a new action against ODRC. Unless and until appellant did so, the trial court had no jurisdiction over appellant's claims.
 {¶ 23} In addition to the filing of a new complaint or petition, commencement of a civil action requires service of process on the defendant. See R.C. 2305.19; Civ.R. 3(A). Appellant did not file a praecipe demanding service of his March 23, 2004 complaint on ODRC as required by R.C. 2305.17. Nor did appellant otherwise perfect service on ODRC. Where a plaintiff fails to perfect service of process upon a defendant within one year after re-filing a complaint, the re-filed action never commences against that defendant. Blount v. SchindlerElevator Corp., Franklin App. No. 02AP-688, 2003-Ohio-2053, at ¶ 26. Pursuant to R.C. 2305.17 and Civ.R. 3(A), an action is commenced only by obtaining service within one year of the filing of a complaint. Id. at ¶ 27. Appellant did not request service of his second complaint upon ODRC and did not otherwise perfect service upon ODRC. Thus, for this additional reason, appellant failed to commence a new action against ODRC. Because appellant failed to comply with Civ.R. 3(A) and/or R.C.2305.19 in commencing a new action after dismissal of his claims, the trial court lacked jurisdiction to consider or act on appellant's second complaint and subsequent motions. Consequently, the trial court did not err in denying appellant's motion for relief from judgment.
 {¶ 24} For the foregoing reasons, appellant's single assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree and Travis, JJ., concur.
[1] Effective May 31, 2004, R.C. 2305.19 was revised to read, in pertinent part, that:
"(A) In any action that is commenced or attempted to be commenced * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the * * * plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. * * *"
[2] The trial court originally dismissed the plaintiffs' claims against the remaining defendants with prejudice. In a previous appeal from that dismissal, this court remanded with instructions for the trial court to amend its dismissal to one without prejudice. See Cutler v. Columbus Bd.of Edn. (Feb. 28, 1985), Franklin App. No. 83AP-1109 (Memorandum Decision).