[Cite as *Canel v. Holland*, 2020-Ohio-4797.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Pamela Canel, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 19AP-570 |
| v. | : | (M.C. No. 2018CVI-33860) |
| Pam Holland, et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on October 6, 2020

**On brief:** *Pamela Canel*, pro se.  **Argued:** *Pamela Canel.*

APPEAL from the Franklin County Municipal Court

BEATTY BLUNT, J.

{¶ 1}  Plaintiff-appellant, Pamela Canel, appeals from the July 23, 2019 judgment of the Franklin County Municipal Court denying appellant's motion for relief from judgment filed pursuant to Civ.R. 60(B) on June 10, 2019. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2}  On September 17, 2018, appellant filed in the trial court a complaint asserting that appellees had wrongfully disposed of her personal property which appellees had been storing for appellant following the December 2011 death of appellant's significant other, who was a family member of appellees.  (Sept. 17, 2018 Compl.)  Appellant made a demand for judgment in the amount of $6,000, in addition to court costs and interest.  (*Id.*)  After some initial problems with obtaining service upon appellees, a hearing before a magistrate was scheduled for January 16, 2019, at 1:30 p.m.

No. 19AP-570

{¶ 3} On January 16, 2019, the parties appeared for trial as scheduled. According to the facts as alleged by appellant in her brief, prior to the commencement of trial, the trial court referred the parties to mediation with court staff. Neither appellant nor appellees wished to proceed with a mediation. The mediation broke down, appellant informed the mediator "Kimberly" that she was leaving, and appellant exited the mediation. (Jan. 18, 2019 Obj. to the Mag.'s Decision.)

{¶ 4} On January 18, 2019, a magistrate's decision was filed reflecting that appellant failed to appear for the scheduled trial when it was called at 3:30 p.m. (Jan. 18, 2019 Mag.'s Decision.) The magistrate's decision entered judgment for appellees and dismissed appellant's case with costs being assessed to appellant. On the same day, the trial court filed a judgment entry adopting the magistrate's decision.

{¶ 5} On January 18, 2019, appellant filed an objection to the magistrate's decision. Appellant asserted in her objection that she "felt [she] was free to go" and that she "no longer felt safe." However, she does not deny in her objection that she did not advise anyone in the courtroom that she was leaving, and she does not deny that she was not present when her case was called for trial. (Jan. 18, 2019 Obj. to the Mag.'s Decision.)

{¶ 6} On February 11, 2019 the trial court filed an entry overruling appellant's objection, accepting the magistrate's decision, and entering judgment for appellees. Appellant did not file an appeal from this judgment.

{¶ 7} On June 10, 2019, appellant filed a motion for relief from judgment. On July 23, 2019, the trial court denied appellant's motion for relief from judgment. This timely appeal followed.

## II. Assignment of Error

{¶ 8} Appellant assigns the following assignment of error for our review:

The trial court erred and abused its discretion in dismissing appellant's action.

## III. Discussion

{¶ 9} When reviewing a trial court's decision to grant or deny a motion for relief from judgment under Civ.R. 60(B), we apply an abuse of discretion standard. *Wiltz v. Accountancy Bd. of Ohio*, 10th Dist. No. 16AP-169, 2016-Ohio-8345, ¶ 35. An abuse of discretion occurs when a court's judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "A trial court's discretion under

No. 19AP-570

Civ.R. 60(B) is quite broad." *Haynes v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 05AP-78, 2005-Ohio-5099, ¶ 7, citing *Pittsburgh Press Co. v. Cabinetpak Kitchens of Columbus, Inc.*, 16 Ohio App.3d 167, 168 (10th Dist.1984).  Our role is to determine whether the trial court abused its discretion, not whether we might have reached a different result.  *Id.*, citing *Wilmington Steel Prods., Inc. v. Cleve. Elec. Illum. Co.*, 60 Ohio St.3d 120, 122 (1991).

{¶ 10}  In order to prevail on a motion for relief from judgment under Civ.R. 60(B), a party must establish each of the following three requirements: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

{¶ 11}  Under the second requirement, Civ.R. 60(B) requires a party set forth one of the following reasons to support the request for relief from judgment: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ.R. 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.  Civ.R. 60(B).  "A movant's failure to identify which subsection of Civ.R. 60(B) he is invoking may alone be fatal to a motion for relief from judgment, as the second prong of the *GTE* test has not been satisfied." *Haynes*, 2005-Ohio-5099, at ¶ 11, citing *Mattingly v. Deveaux*, 10th Dist. No. 03AP-793, 2004-Ohio-2506, ¶ 9; *Cent. Ohio Sheet Metal, Inc. v. Walker*, 10th Dist. No. 03AP-951, 2004-Ohio-2816, ¶ 13.  " 'Neither a responding party nor a trial court can be expected to divine the specific grounds under which a movant seeks relief.' " *Id.*, quoting *Mattingly* at ¶ 9.

{¶ 12}  There is no requirement that a moving party submit evidentiary materials, such as an affidavit, to support his or her motion for relief from judgment.  *PNC Bank, Natl. Assn. v. Botts*, 10th Dist. No. 12AP-256, 2012-Ohio-5383, ¶ 9, citing *Adomeit v.*

No. 19AP-570

*Baltimore*, 39 Ohio App.2d 97, 103 (8th Dist.1974). Nevertheless, "good legal practice dictates that the moving party submit relevant evidence to demonstrate operative facts, as sufficient factual information is necessary to warrant a hearing on the motion." *Id.*, citing *Adomeit* at 104.

{¶ 13} Furthermore, a party who files a Civ.R. 60(B) motion for relief from judgment is not automatically entitled to a hearing on the motion. *Davis v. Davis*, 10th Dist. No. 15AP-1078, 2016-Ohio-7790, ¶ 13, citing *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19 (1996). " '[i]f the material submitted by the movant in support of a motion for relief from judgment under Civil Rule 60(B) contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing.' " *U.S. Bank Natl. Assn. v. Lewis*, 10th Dist. No. 18AP-550, 2019-Ohio-3014, ¶ 28, quoting *Adomeit*, paragraph four of the syllabus. Nevertheless, if the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civ.R. 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion. *Id.*, citing *Mattingly v. Deveaux*, 10th Dist. No. 03AP-793, 2004-Ohio-2506, ¶ 7. Indeed, " '[i]t is an abuse of discretion for the trial court to overrule a Civ.R. 60(B) motion for relief from judgment without first holding an evidentiary hearing where the motion and affidavits contain allegations of operative facts which would warrant relief under Civ.R. 60(B).' " *Botts,* 2012-Ohio-5383, at ¶ 10, quoting *Twinsburg Banking Co. v. RHEA Constr. Co., Inc.*, 9 Ohio App.3d 39 (9th Dist.1983), syllabus.

{¶ 14} Finally, we are mindful that " 'a motion for relief from judgment is not a substitute for a direct appeal from the judgment challenged.' " *Suon v. Mong*, 10th Dist. No. 17AP-879, 2018-Ohio-4187, ¶ 15, citing *Colley v. Bazell*, 64 Ohio St.2d 243, 245 (1980), citing *Bosco v. Euclid*, 38 Ohio App.2d 40 (8th Dist.1974); *Town & Country Drive-In Shopping Ctrs., Inc. v. Abraham*, 46 Ohio App.2d 262 (10th Dist.1975). Civ.R. 60(B) "may not 'be used to circumvent or extend the time requirements for filing an appeal.' " *Id.*, citing *Blasco v. Mislik*, 69 Ohio St.2d 684, 686 (1982). Thus, " ' "an appeal from an order denying relief under 60(B) does not bring up for review the judgment from which relief is sought." ' " *Id.* at ¶ 16, citing *Town & Country Drive-In Shopping Ctrs.* at 266, quoting 7 Moore, *Federal Practice*, Section 60.30 (Internal quotation marks omitted.) Because a motion for relief from judgment may not be used as a substitute for a direct appeal from the judgment

No. 19AP-570

challenged, this court may not " 'do indirectly what it cannot do directly.' " *Id.*, citing *Shoemaker Funeral Home v. Furtado*, 10th Dist. No. 88AP-400 (Sept. 1, 1988) (holding the appellate court lacked jurisdiction to review trial court's entry granting summary judgment, as appellant did not appeal the summary judgment ruling but, instead, appealed the trial court's entry denying appellant's motion for Civ.R. 60(B) relief); *Arbogast v. Werley*, 6th Dist. No. L-07-1283, 2008-Ohio-1555, ¶ 11.

{¶ 15} In the case before us, a review of appellant's motion for relief from judgment reveals that appellant has not met all three requirements for a successful Civ.R. 60(B) motion as set forth in *GTE Automatic Elec., Inc.* at paragraph two of the syllabus. First, regarding prong one of the *GTE* test as set forth above, appellant has neither established nor even alleged that she has a meritorious claim to present if relief is granted. Rather, appellant has merely provided a vague explanation for why she left the court-ordered mediation and failed to appear for the trial. This is not the same thing as presenting a meritorious claim. Further, although appellant states in her motion for relief from judgment that "[t]here has also been a witness that has come forward with more information about this case", she does not explain what this witness will testify to, including whether the witness will testify in support of her claim that defendants-appellees wrongfully disposed of her personal property. Therefore, appellant has not demonstrated that she has a meritorious claim to present if relief from judgment is granted, and on this first prong alone her motion fails.

{¶ 16} Next, regarding the second prong, appellant has not specified which of the grounds enumerated in Civ.R. 60(B)(1) - (5) upon which she relies in support of her motion for relief from judgment. As noted above, the "failure to identify which subsection of Civ.R. 60(B) [a movant] is invoking may alone be fatal to a motion for relief from judgment, as the second prong of the *GTE* test has not been satisfied." *Haynes*, 2005-Ohio-5099 at ¶ 11, citing *Mattingly* at ¶ 9. Furthermore, although appellant's statements might be construed as arguing that her failure to appear at the trial was a "mistake" or "excusable neglect", she does not identify either ground, and " '[n]either a responding party nor a trial court can be expected to divine the specific grounds under which a movant seeks relief.' " *Id.*, quoting *Mattingly* at ¶ 9. In any event, we do not find appellant has adequately explained what made her believe the trial was no longer going to go forward. Appellant has failed to meet the second prong of the *GTE* test.

{¶ 17} Lastly, regarding the third prong of timeliness, we find the motion for relief from judgment was timely because it was filed approximately four months after the judgment entry in favor of appellees. However, because neither of the first two prongs of the *GTE* test has been met, meeting this last prong is not enough. In short, appellant's motion fails to set forth any allegations of operative facts which would warrant relief under Civ.R. 60(B) and the trial court was not required to hold a hearing on the motion prior to properly denying it. *U.S. Bank Natl. Assn. v. Lewis*, 10th Dist. No. 18AP-550, 2019-Ohio-3014, ¶ 28.

{¶ 18} Moreover, it appears appellant is attempting to use Civ.R. 60(B) as a cure for her failure to appeal the court's February 11, 2019 judgment. This is not permissible. *See Colley* at 245, citing *Bosco*; *Town & Country Drive-In Shopping Ctrs., Inc.* On appeal, appellant is making essentially the same argument that she made in her objection to the magistrate's decision, i.e., that she felt threatened, intimidated and frightened at the mediation and she did not know the trial was going to follow the mediation. But Civ.R. 60(B) may not "be used to circumvent or extend the time requirements for filing an appeal," *Blasco* at 686, and appellant may not use Civ.R. 60(B) as a substitute for what would have been a proper appeal of the trial court's judgment entry issued on February 11, 2019.

{¶ 19} In summation, although we are not unsympathetic to appellant's situation, this court is constrained by the law. Thus, for the foregoing reasons, we find appellant has failed to demonstrate an abuse of discretion in denying the requested relief from judgment. Accordingly, we overrule appellant's assignment of error.

## IV. Disposition

{¶ 20} Having overruled appellant's assignment of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

BROWN and BRUNNER, JJ., concur.

———————————