[Cite as *GEICO Indemn. Ins. Co. v. August*, 2021-Ohio-2118.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| GEICO Indemnity Ins. Co., et al., | : | |
| Plaintiffs-Appellants, | : | No. 20AP-232 |
| | | (M.C. No. 2016CVE-4264) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Daniel C. August, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 24, 2021

**On brief:** *Kreiner & Peters, Co. LPA,* for appellants.
**Argued:** *Daran P. Kreiner.*

APPEAL from the Franklin County Municipal Court

BEATTY BLUNT, J.

{¶ 1} Plaintiffs-appellants, GEICO Indemnity Insurance Company ("GEICO") and Tenisha Ballard Rubbins ("Rubbins") (collectively "appellants") appeal from the March 24, 2020 judgment of the Franklin County Municipal Court granting appellee's motion to set aside judgment filed on February 19, 2020 pursuant to Civ.R. 60(B). For the following reasons, we reverse.

**I. Facts and Procedural History**

{¶ 2} On February 9, 2016, appellants filed in the trial court a complaint asserting that appellee was liable for $14,419.70 in damages stemming from an auto accident allegedly caused by appellee on July 28, 2014. (Feb. 9, 2016 Compl.) Summons was issued on February 29, 2016 but was returned as "unclaimed" on March 28, 2016. On April 14, 2016, service of summons was reissued by the trial court via "regular U.S. Mail." That summons was not returned, and no answer was filed by appellee. Thereafter, on

May 26, 2016, appellants filed a motion for default judgment, which was granted by the trial court on May 31, 2016 and which entered judgment in favor of appellants in the amount of $14,419.70 plus three percent interest and costs. (May 31, 2016 Entry Granting Default Jgmt.)

{¶ 3} Almost four years later, on February 19, 2020, appellee filed a letter with the court wherein he sought to vacate the previously rendered judgment by default. According to appellee's letter, he was not the person driving the vehicle which was at fault in the July 28, 2014 auto accident. Instead, the driver was a Mr. Keith Clardy, who was the boyfriend of appellee at the time of the accident. In support of his motion to vacate judgment appellee included the affidavit of Mr. Clardy, in which Mr. Clardy attests that he was indeed the driver of the vehicle involved in the accident. *See* Clardy Aff. Mr. Clardy further attests that rather than giving his own name and social security number to the police officer who arrived on the scene and prepared the accident report, he instead provided the name and social security number of appellee. *Id.* Although appellee provided the affidavit of Mr. Clardy, the record shows appellee did not submit his own affidavit.

{¶ 4} Initially, the trial court refused to consider appellee's motion to vacate judgment on the basis that it did not contain a certificate of service indicating service of the motion upon counsel for appellants. (Feb. 26, 2020 Entry.) However, the trial court later issued an entry advising it would consider the motion to vacate judgment. (Mar. 9, 2020 Entry.) On March 23, 2020, appellants' memorandum in opposition to the motion to vacate judgment was filed.

{¶ 5} On March 24, 2020, without holding a hearing, the trial court issued an entry granting the motion to vacate judgment. (Mar. 24, 2020 Entry.) The entry states in full as follows:

> This matter came before the court on Defendant's Post-Judgment Motion filed February 26, 2020. This Motion is granted and the Default Judgment entered on May 31, 2016 is hereby set aside. Plaintiff is to perfect service on appropriate Defendant within 30 days from the date of this entry. Upon filing of Complaint and Answer, case will be set for PT.
>
> The above order does not constitute a final, appealable order within the meaning of Civ.R. 54(A).

{¶ 6}   This timely appeal followed.

## II. Assignments of Error

{¶ 7}   Appellants assign four errors for our review:

[1.] The Trial Court committed reversable error by not conducting an evidentiary hearing prior to granting the "Motion to Set Aside Judgment" as it prevented Appellants from having the opportunity to cross-examine the party and other witnesses.

[2.] The Trial Court committed reversable error by not having any actual testimony under oath to rebut proper service from Defendant August as he only stated such assertion in his brief which is not "testimony" an/or under oath.

[3.] The Trial Court committed reversable error by not making any finding or even following the test established by the Ohio Supreme Court in the *GTE Automatic Electric, Inc. v. ARC Industries Inc.*, 47 Ohio St.2d 146 (1976) to show that Appellee/Defendant August actually produced evidence of the three elements.

[4.] The Trial Court committed reversable error by granting the "Motion to Set Aside Judgment" which was filed nearly four years after the default judgment was entered when the Defendant was raising issues under Civil Rule 60(B)(1) through (3).

(Sic passim.)

## III. Discussion

### A. Appellants' Third and Fourth Assignments of Error

{¶ 8}   We begin our discussion with appellants' third and fourth assignments of error because we find them dispositive of this matter, and because they are interrelated, we address them together.  In their third assignment of error, appellants assert that the trial court erred by granting the motion of appellee to set side judgment without making any findings pursuant to the test established by the Supreme Court of Ohio in *GTE Automatic Electric, Inc. v. ARC Industries Inc.*, 47 Ohio St.2d 146 (1976).  In their fourth assignment of error, appellants contend that the trial court erred in granting the motion because it was filed more than one year after the default judgment was entered.  We agree on both counts.

{¶ 9} When reviewing a trial court's decision to grant or deny a motion for relief from judgment under Civ.R. 60(B), we apply an abuse of discretion standard. *Wiltz v. Accountancy Bd. of Ohio*, 10th Dist. No. 16AP-169, 2016-Ohio-8345, ¶ 35. An abuse of discretion occurs when a court's judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "A trial court's discretion under Civ.R. 60(B) is quite broad." *Haynes v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 05AP-78, 2005-Ohio-5099, ¶ 7, citing *Pittsburgh Press Co. v. Cabinetpak Kitchens of Columbus, Inc.*, 16 Ohio App.3d 167, 168 (10th Dist.1984). Our role is to determine whether the trial court abused its discretion, not whether we might have reached a different result. *Id.*, citing *Wilmington Steel Prod., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 122 (1991).

{¶ 10} In order to prevail on a motion for relief from judgment under Civ.R. 60(B), a party must establish each of the following three requirements: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec. Inc.*, paragraph two of the syllabus.

{¶ 11} Under the second requirement, Civ.R. 60(B) requires a party set forth one of the following reasons to support the request for relief from judgment: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ.R. 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. Civ.R.60(B). "A movant's failure to identify which subsection of Civ.R. 60(B) he is invoking may alone be fatal to a motion for relief from judgment, as the second prong of the *GTE* test has not been satisfied." *Haynes* at ¶ 11, citing *Mattingly v. Deveaux*, 10th

Dist. No. 03AP-793, 2004-Ohio-2506, ¶ 9; *Cent. Ohio Sheet Metal, Inc. v. Walker*, 10th Dist. No. 03AP-951, 2004-Ohio-2816, ¶ 13. " 'Neither a responding party nor a trial court can be expected to divine the specific grounds under which a movant seeks relief.' " *Id.*, quoting *Mattingly* at ¶ 9.

{¶ 12} Furthermore, a party who files a Civ.R. 60(B) motion for relief from judgment is not automatically entitled to a hearing on the motion. *Davis v. Davis*, 10th Dist. No. 15AP-1078, 2016-Ohio-7790, ¶ 13, citing *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19 (1996). " 'If the material submitted by the movant in support of a motion for relief from judgment under Civil Rule 60(B) contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing.' " *U.S. Bank Natl. Assn. v. Lewis*, 10th Dist. No. 18AP-550, 2019-Ohio-3014, ¶ 28, quoting *Adomeit v. Baltimore,* 39 Ohio App.2d 97 (8th dist.1974), paragraph four of the syllabus.

{¶ 13} "[I]n order to prevail on a motion for Civ.R. 60(B) relief, 'the movant must establish [the requirements of *GTE*] by operative facts presented in a form that meets evidentiary standards such as affidavits, depositions, transcripts of evidence, written stipulations or other evidence given under oath.' " *Fields Excavating, Inc. v. Welsh Elec. Co.*, 10th Dist. No. 04AP-150, 2005-Ohio-708, ¶ 8, quoting *Countrywide Home Loans v. Barclay*, 10th Dist. No. 04AP-171, 2004-Ohio-6359, ¶ 9, citing *E. Ohio Gas Co. v. Walker*, 59 Ohio App.2d 216, 220 (8th Dist.1978). "Therefore, 'unsworn allegations of operative facts contained in a motion for relief from judgment filed under Civ.R. 60(B) or in a brief attached to the motion are not sufficient evidence upon which to grant a motion to vacate judgment.' " *Id.*, quoting *Coleman v. Cleveland School District Bd. of Edn.*, 8th Dist. No. 84274, 2004-Ohio-5854, ¶ 76, citing *E. Ohio Gas Co.*

{¶ 14} Turning to the matter at hand, as an initial matter, we point out that although the trial court's entry granting the motion to vacate the default judgment states it is not a final, appealable order, this is incorrect. An entry granting a motion to set aside a default judgment is indeed a final, appealable order. *GTE Automatic Elec., Inc.,* paragraph one of the syllabus; *see also* R.C. 2505.02(B)(3), which provides that an order is final when it "vacates or sets aside a judgment or grants a new trial."

{¶ 15} Next, in this case, appellee did not submit a sworn affidavit attesting that he was never served with the complaint. The authority set forth above makes clear that " 'unsworn allegations of operative facts contained in a motion for relief from judgment filed under Civ.R. 60(B) or in a brief attached to the motion are not sufficient evidence upon which to grant a motion to vacate judgment.' " *Fields Excavating, Inc.*, at ¶ 8, quoting *Coleman,* at ¶ 76, citing *E. Ohio Gas Co.* Because appellee failed to submit an affidavit attesting that he was not properly served in support of his motion to set aside judgment, the motion was premised merely on his unsworn allegations, and the trial court improperly relied upon such insufficient evidence in granting the motion and abused its discretion in doing so. We further observe that the trial court's entry fails to set forth any of the findings as required by the test established by *GTE Automatic Electric, Inc.* as discussed above. This also constitutes error on the part of the trial court.

{¶ 16} Lastly, we find that because appellee's motion is premised upon "new evidence" and/or "mistake," he is in essence asserting relief under Civ.R. 60(B)(1),(2) and/or (3). Therefore, his motion—which was filed almost four years after the judgment—is untimely per se, and the trial court abused its discretion in granting the motion for this reason as well. Civ.R. 60(B) *GTE Automatic Elec., Inc.,* paragraph two of the syllabus.

{¶ 17} In short, the trial court abused its discretion and erred in granting the motion of appellee to set aside judgment because it was not supported by any proper evidence and because it was filed almost four years after the entry of default was issued. Accordingly, appellants' third and fourth assignments of error are sustained.

## B. Appellants' First and Second Assignments of Error

{¶ 18} We have already found that the trial court erred in granting appellee's motion to set aside judgment. Accordingly, appellants' first and second assignments of error are rendered moot.

## IV. Disposition

{¶ 19} For the foregoing reasons, the trial court erred in granting the motion of appellee to set aside judgment. Having sustained appellants' third and fourth assignments of error, and having found appellants' first and second assignments of error moot, we reverse the judgment of the Franklin County Municipal Court and remand this matter to

that court with instructions to reinstate the May 31, 2016 entry of default judgment granted in favor of appellants.

*Judgment reversed and remanded with instructions.*

KLATT and MENTEL, J.J., concur.