[Cite as *McDougald v. Dept. of Rehab. & Corr.*, 2017-Ohio-8378.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Jerone McDougald,                              :

       Plaintiff-Appellant,             :

v.                                             :            No. 17AP-285
                                                          (Ct. of Cl. No. 2016-00376)
Ohio Department of Rehabilitation              :
and Correction,                                           (ACCELERATED CALENDAR)
                                               :
       Defendant-Appellee.
                                               :

                                               :

---

D E C I S I O N

Rendered on October 31, 2017

---

**On brief:** *Jerone McDougald*, pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Jeanna A. Jacobus*, for appellee.

---

APPEAL from the Court of Claims of Ohio

SADLER, J.

{¶ 1} Plaintiff-appellant, Jerone McDougald, appeals from the judgment entry of the Court of Claims of Ohio granting summary judgment in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction. For the following reasons, we affirm the decision of the Court of Claims.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In May 2016, appellant filed a complaint in the Court of Claims against appellee. Appellant alleged that on September 15, 2015, while he was incarcerated at Southern Ohio Correctional Center, Corrections Officer Ryan Andre used excessive force on him. Appellant specifically alleged that Andre, while escorting him through a

crossover corridor from "J-2 slammerside" to "suicide watch," pushed him from behind to a "crashgate," pressed his body up against appellant, made sexually inappropriate comments, and then pushed him into the corner of a door and into the strip cage. (Compl. at 1-2.) Appellant additionally alleged that Andre falsified reports related to the incident. Appellant listed "evidence DVR footage" as witness to the injury and sought $200,000 for the claim. (Compl. at 2.) Appellant amended the complaint in August of that year to allege fraud against Andre, a deputy warden, the assistant chief inspector, the institutional inspector, and to allege medical negligence/malpractice and fraud against Nurse Larissa MacDonald regarding her evaluation of him after the incident.

{¶ 3} Appellee's answer denied the accusations and asserted that the corrections officer's use of force and escort technique was justified due to appellant's refusal to comply with direct orders to walk to the strip cage and asserted defenses of failure to state a claim, lack of jurisdiction, privilege, lack of damages, and contributory negligence as a bar to recovery.

{¶ 4} On August 25, 2016, appellant filed a motion for an order to compel discovery along with copies of his request for production of documents and his first set of interrogatories. On August 30, 2016, appellant signed a statement that he was given the opportunity to review a copy of a DVR for the incident in question. On September 2, 2016, appellant filed a motion to amend his motion to compel, asserting that he viewed institutional video footage but the camera footage was tampered with, and the whole attack in the crossover section, an area appellant asserts clearly has a camera, was erased or omitted. Appellant requested sanctions pursuant to Civ.R. 37.

{¶ 5} After initially granting appellant's motions to supplement and compel discovery, the magistrate granted appellee's Civ.R. 60(B) motion for relief from that order due to a lack of proper service and because appellee averred to responding to discovery requests. Appellant filed objections to the magistrate's Civ.R. 60(B) decision, which the Court of Claims denied.

{¶ 6} On December 1, 2016, appellant filed an additional motion for an order compelling discovery asking for video of the "entire incident" inside the crossover and for footage of a cell that related to his claim regarding the nurse's medical examination. (Mot. for Order Compelling Disc. at 1.) Appellee filed a memorandum contra asserting

appellant's motion to compel should be denied.  Specific to the video footage, appellee asserted that it "only has a portion of the [J-2 crossover] video and it provided [appellant] an opportunity to view what it had.  The video shows [appellant] before going into the J-2 crossover and coming out of the J-2 crossover, before and after the alleged incident that is the subject of this lawsuit. * * * [Appellee] believes that it was never recorded due to the camera malfunctioning or not working at that time."  (Dec. 13, 2016 Memo. Contra at 2.)  Regarding the footage of the cell later in the evening, appellee asserted that the footage from that camera "was never downloaded and saved because [appellee] was not on notice of any alleged incident in that area at that time."  (Memo. Contra at 2.)  Thus, "[e]ven if the Court were to compel the videos, there is nothing to produce.  [Appellee] simply does not have the videos." (Memo. Contra at 3.)

{¶ 7}   On January 11, 2017, appellee filed a motion for summary judgment asserting that Andre's escort technique was justified, Andre made no sexual comments or contact with appellant, no evidence otherwise exists regarding an assault, battery, or falsified records, and that MacDonald did not create a false examination report.  Appellee supported its motion for summary judgment with affidavits from Andre, Jeremy Oppy, a unit manager who averred to witnessing Andre escort appellant, and MacDonald, who averred she attempted to provide a medical examination but appellant stated he was okay and refused examination.  A conduct report, incident report, inmate use of force statement, and MacDonald's medical examination report were attached in support of the affidavits.

{¶ 8}   On January 13, 2017, the court filed a notice of a non-oral hearing on the motion for summary judgment to occur on February 8, 2017.  On January 23, 2017, appellant filed a motion to stay the proceedings pending resolution of the motion to compel discovery and a motion for a 30-day continuance to reply to the motion for summary judgment.  As reasons for the continuance, appellant cited the "retaliation" seizure of his legal documents and books.  (Mot. to Stay and for 30-Day Continuance at 1.)

{¶ 9}   On January 26, 2017, the Court of Claims denied appellant's December 1, 2016 motion to compel discovery.  Regarding the videos, the Court of Claims stated "[appellant] has not convinced the magistrate that [appellee] failed to produce any of the video footage."  (Order at 2.)  The Court of Claims then granted appellant's January 23,

2017 motion for continuance in part, such that appellant had "leave to file within *14 days* of the date of this entry a response to [appellee's] motion for summary judgment." (Emphasis sic.) (Order at 3.)

{¶ 10} On February 14, 2017, appellant moved the Court of Claims for relief from the court's January 26, 2017 order regarding appellant's motion to compel discovery. The Court of Claims construed the motion as an untimely filed motion to set aside a magistrate's order and found, regardless of timeliness, the magistrate properly determined the order and denied appellant's motion.

{¶ 11} Also on February 14, 2017, appellant filed a "motion for leave for a[n] extension (14 day) to file summary judgment" stating that he continued to be without his legal documents and that he was "waiting on a notary seal so that [he] can properly submit [an] affidavit attachment to [his] summary judgement." (Mot. at 1.) On March 7, 2017, the magistrate denied appellant's motion for an additional continuance, noting that appellant was granted a prior 14-day extension, did not file a timely response to appellee's motion for summary judgment within that window, and did not explain way he waited until after that deadline to seek an additional extension of time.

{¶ 12} The Court of Claims then granted appellee's motion for summary judgment on March 17, 2017. In doing so, the Court of Claims noted that appellant failed to respond to appellee's motion for summary judgment despite receiving an extension of time and, therefore, failed to contradict the evidence put forth by appellee. As such, the Court of Claims found:

> Based upon the undisputed affidavit testimony put forth by [appellee], the only reasonable conclusion is that the amount of force Corrections Officer Andre used to escort plaintiff to the strip cage was only the amount of force necessary to control [appellant] who refused to obey direct orders. * * * The undisputed evidence establishes that Corrections Officer Andre did not touch [appellant] in a sexual manner nor did he make any sexually inappropriate comment to [appellant]. Furthermore, it is undisputed that [appellant] refused a medical examination despite being offered one by Nurse MacDonald. Finally, it is undisputed that Corrections Officer Andre and Nurse MacDonald authored truthful reports following the incident described in [appellant's] complaint.

(Entry Granting Defendant's Mot. for Summ. Jgmt. at 6-7.)   The Court of Claims dismissed appellant's constitutional claims for lack of subject-matter jurisdiction.

{¶ 13} Appellant filed a timely appeal to this court.

## II.  ASSIGNMENTS OF ERROR

{¶ 14} Appellant presents two assignments of error:

> [1.] The trial Court Erred by denying plaintiff's motion to compel discovery when evidence of intentional Tampering with DVR Evidence was shown by plaintiff violating Ohio Civil Rule 37.

> [2.] The trial Court Erred by denying plaintiff's motion for extension of time 30 days when exigent circumstances was presented for the extension.

## III.  DISCUSSION

### A.  Second Assignment of Error

{¶ 15} Because we find the second assignment of error dispositive to resolving the appeal, we address it first.  Under the second assignment of error, appellant contends the Court of Claims erred by denying his motion for an extension of time to respond to appellee's motion for summary judgment.  For the following reasons, we disagree.

{¶ 16} As a preliminary issue, although appellant's assignment of error mentions 30 days, further review of his brief shows that he is challenging the Court of Claims' resolution of his motion for a 14-day extension filed February 14, 2017.  The assignment of error takes issue with the Court of Claims "denying" his motion for "extension."  Furthermore, his argument in support of his assignment of error references the language and reasoning provided in his February 14, 2017 motion and specifically his difficulty in securing a notary seal for affidavits to support his response to summary judgment, a basis only provided in the February 14, 2017 motion for extension.  Therefore, we proceed to determine whether the Court of Claims abused its discretion in denying appellant's February 14, 2017 motion for extension.

{¶ 17} Under L.C.C.R.  4(D), in the Court of Claims, all motions for summary judgment filed pursuant to Civ.R. 56 are set for a non-oral hearing date on the 28th day following the filing of the motion for summary judgment and are deemed submitted to the

judge on that date. *See also* Civ.R. 56(C) (allowing for service of responsive pleading to a motion for summary judgment as provided by local rule or by order of the court).

{¶ 18} L.C.C.R. 4(B) provides that "[a]ll extensions of time shall be made by written motion which states the specific basis of the extension and which is supported by documentation and, if appropriate, affidavit [and] shall be accompanied by a proposed order which states the duration of the extension." The civil rules address extensions under Civ.R. 6(B), which states:

> When by [the civil rules] or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

{¶ 19} "The decision whether to grant a motion for extension of time lies within the broad discretion of the trial court and will be reversed on appeal only for an abuse of discretion." *Anderson v. Eyman*, 180 Ohio App.3d 794, 2009-Ohio-102, ¶ 24 (5th Dist.), *appeal not accepted*, 121 Ohio St.3d 1503, 2009-Ohio-2511, citing *Miller v. Lint*, 62 Ohio St.2d 209 (1980). *Canady v. Rekau & Rekau, Inc.*, 10th Dist. No. 09AP-32, 2009-Ohio-4974, ¶ 16 ("Trial courts have inherent power to manage their own dockets and the progress of the proceedings before them."). "Abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 20} In general, a trial court does not abuse its discretion in not considering or denying a motion for an extension when that motion is filed beyond the applicable deadline, particularly where the movant offers no explanation for the untimely filing. *See, e.g.*, *Ayers v. Demas*, 10th Dist. No. 95APE10-1296 (Mar. 28, 1996) (finding the trial court did not err when it refused to consider motions for extension and memorandum contra summary judgment filed past the non-oral hearing date); *State v. Lisle*, 9th Dist. No. 05CA0073, 2006-Ohio-3877, ¶ 12, 15 (finding trial court did not abuse its discretion in denying leave to file an untimely motion to suppress where the appellant failed to

demonstrate or even allege good cause for the untimely filing and stated no cause for the delay on appeal); *Gerken v. State Auto Ins. Co.*, 4th Dist. No. 13CA14, 2014-Ohio-4428, ¶ 20-22 (trial court did not abuse its discretion in deeming matters admitted where the appellant offered no excuse regarding why her responses to the requests for admissions were late).

{¶ 21} In this case, appellee filed its motion for summary judgment on January 13, 2017. On January 23, 2017, appellant filed a motion for a 30-day continuance to reply to appellee's motion for summary judgment based on alleged seizure of his legal documents and his unresolved motion to compel discovery. After resolving the discovery motion in appellee's favor, the Court of Claims granted appellant leave to file a response to summary judgment within 14 days of the court's January 26, 2017 entry. After that 14-day deadline had passed, on February 14, 2017, appellant filed a motion for leave for an additional 14-day extension to respond to summary judgment stating the continued seizure of his legal documents and the lack of a notary as the basis for the requested extension.

{¶ 22} We disagree with appellant that the Court of Claims acted in an unreasonable, arbitrary, or unconscionable manner on the facts of this case. As discussed by the Court of Claims, appellant filed his motion for an extension after the court-ordered deadline to submit a response to summary judgment and without addressing why he was unable to file the motion for extension prior to the deadline. As such, we find the Court of Claims acted within its discretion to deny appellant's request.

{¶ 23} Accordingly, appellant's second assignment of error is overruled.

## B. First Assignment of Error

{¶ 24} Under the first assignment of error, appellant contends the Court of Claims erred by denying appellant's motion to compel discovery "when evidence of intentional tampering with DVR evidence was shown by plaintiff violating Ohio Civil Rule 37." (Appellant's Brief at 1.)

{¶ 25} At the outset, we disagree with appellant's contention that evidence of intentional tampering with the DVR evidence exists on this record. Regardless, the existence of video evidence and the propriety of the Court of Claims's denial of appellant's motion to compel discovery on this matter is no longer in controversy in light of appellant's failure to respond to appellee's motion for summary judgment. Specifically,

after appellee met its initial burden on summary judgment under Civ.R. 56, appellant failed to meet his reciprocal burden under Civ.R. 56 to "set forth specific facts showing that there is a genuine issue for trial" or alternatively utilize Civ.R. 56(F) to move for additional discovery. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996), citing Civ.R. 56(E); *Mootispaw v. Mohr*, 10th Dist. No. 15AP-885, 2016-Ohio-1246, ¶ 9-12, citing Civ.R. 56(F). Furthermore, as stated in our analysis of appellant's second assignment of error, the Court of Claims acted within its discretion in denying appellant's motion for extension filed after the court-ordered deadline. Therefore, we find the Court of Claims's denial of appellant's motion to compel discovery moot on the facts of this case. *Tucker v. Leadership Academy for Math*, 10th Dist. No. 14AP-100, 2014-Ohio-3307, ¶ 15-16 (finding a matter moot when no controversy remained to be resolved).

{¶ 26} Accordingly, considering all the above, appellant's first assignment of error is rendered moot.

## IV. CONCLUSION

{¶ 27} Having overruled appellant's second assignment of error and his first assignment of error being rendered moot, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

BROWN and BRUNNER, JJ., concur.

_____