[Cite as *U.S. Bank Natl. Assn. v. Lewis*, 2019-Ohio-3014.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| U.S. Bank National Association, as Trustee for Ownit Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-4, | : | |
| | : | No. 18AP-550 |
| Plaintiff-Appellee, | : | and No. 18AP-703 |
| | : | (C.P.C. No. 17CV-2738) |
| v. | : | (REGULAR CALENDAR) |
| Ona H. Lewis a.k.a. Ona Lewis, | : | |
| Defendant-Appellant, | : | |
| James K. Lewis a.k.a. James Lewis et al., | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on July 25, 2019

**On brief:** *McGlinchey Stafford,* and *Brooke Turner Bautista,* for appellee. **Argued:** *Brooke Turner Bautista.*

**On brief:** *Ona H. Lewis*, pro se. **Argued:** *Ona H. Lewis.*

APPEALS from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Ona H. Lewis, appeals from an in rem judgment entry and decree of foreclosure and an entry denying her request for relief from judgment of the Franklin County Court of Common Pleas. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} In March 2006, Lewis borrowed $328,000 from Ownit Mortgage Solutions, Inc., and signed a note in which she agreed to repay the loan. The note was secured by a

mortgage on the property located at 5820 Triplett Square in New Albany, Ohio. The loan agreement was modified in January 2010, and November 2015. In January 2017, the mortgage was assigned to U.S. Bank National Association, as Trustee for Ownit Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-4 ("U.S. Bank").

{¶ 3}  In March 2017, U.S. Bank filed a complaint in foreclosure in the trial court, alleging Lewis was in default under the terms of the note and mortgage. In July 2017, the trial court was notified that Lewis had filed for bankruptcy protection, and it accordingly stayed the matter pending the bankruptcy. In October 2017, and after the bankruptcy case was dismissed, the trial court granted U.S. Bank's motion to reactivate the foreclosure case. On November 3, 2017, Lewis requested an extension of 60 days to respond to the foreclosure complaint, citing the time necessary to retain counsel. The trial court granted the extension request. The trial court then granted U.S. Bank's request to extend the deadline to file dispositive motions by 60 days. On January 2, 2018, Lewis requested a second 60-day extension to respond to the foreclosure complaint, citing her need to retain new counsel. Two weeks later, the trial court granted Lewis' second extension request, noting "[n]o further extensions will be granted." (Jan. 16, 2018 Entry.) The trial court then granted U.S. Bank's request to again extend the deadline to file dispositive motions by 60 days. On February 28, 2018, Lewis filed her answer to the foreclosure complaint. On March 26, 2018, the trial court amended the case schedule and set the dispositive motions deadline for June 15, 2018. On June 11, 2018, Lewis filed a request for extension of time to answer discovery questions, to move or otherwise plead in response to the foreclosure complaint, and to "adjust all other deadlines in this case accordingly," for the stated reason that she needed to retain new counsel. (Mot. at 3.)

{¶ 4}  On June 14, 2018, U.S. Bank moved for summary judgment against Lewis and default judgment against defendants BMI Federal Credit Union, James K. Lewis a.k.a. James Lewis, Mortgage Electronic Registration Systems, Inc. as nominee for Ownit Mortgage Solutions, Inc., New Albany Links Homeowners Association, Inc., Northeast Dermatology, and Unknown Spouse, if any, of Ona H. Lewis a.k.a. Ona Lewis. On June 23, 2018, Lewis filed an "opposition to motion for default judgment."

{¶ 5}  On June 28, 2018, the trial court filed an in rem judgment entry and decree of foreclosure. The trial court found that there is due and owing to U.S. Bank, on the note,

the principal balance of $324,629.95 plus interest, and that U.S. Bank is entitled to a finding of default upon the note and in rem judgment.   The court also found that Lewis is immune from personal liability on the note by virtue of the bankruptcy case and therefore U.S. Bank is not entitled to a deficiency judgment.  The trial court accordingly ordered the sale of the property at a sheriff's sale.

{¶ 6}   On July 9, 2018, Lewis moved the court to vacate and set aside the default judgment, vacate the summary judgment entry, vacate the decree of foreclosure, and vacate the denial of her motion for extension of time.  The next day, Lewis filed a notice of appeal from the trial court's in rem judgment entry and decree of foreclosure.  This appeal was assigned case No. 18AP-550.  Three days later, Lewis filed a motion for a stay pending appeal.  On August 16, 2018, the trial court denied all of Lewis' post-judgment motions. Lewis filed a timely notice of appeal from the entry denying her various post-judgment motions.  This appeal was assigned case No. 18AP-703.  On November 29, 2018, this court sua sponte consolidated the appeals for the purposes of argument and determination.

## II.  Assignments of Error

{¶ 7}   In case No. 18AP-550, Lewis assigns the following errors for our review:

> 1. The trial court abused its authority by denying Mrs. Lewis' pro se motion for an extension of time which was filed with good cause shown.

> 2. The trial court abused its authority by granting US Bank's motion for default judgment without a hearing, in violation of ORCP Rule 55(A).

> 3. The trial court abused its authority by granting US Bank's motion for summary judgment without first filing a motion for leave of the court, without a hearing, and without ascertaining the controversial and non-controversial issues of material facts stipulated by Mrs. Lewis, in violation of ORCP 56(B,C & D).

> 4. The trial court abused its authority by issuing a decree of foreclosure based on the wrong document.

> 5. Because of her pending motion for an extension of time, and due to discrepancies in the number of days required to respond to the motion for summary judgment, the trial court erred in

not viewing Mrs. Lewis' delay in filing a response to the motion for summary judgment as an excusable negligence.

6. It was an abuse of discretion for the trial court to deny appellant's 60(B) motions to vacate without holding a hearing.

7. The trial court erred by denying Mrs. Lewis' motion for a stay pending appeal without a supersedeas bond, citing ORCP Rule 2505.09, which does not apply to Mrs. Lewis' case according to Ohio Revised Code; Title 25; Court – Appellate Rule 2505.12, because the final judgment was for real property, not for the payment of money.

{¶ 8} In case No. 18AP-703, Lewis assigns the following errors for our review:

[1.] US Bank erred in making a loan to Mrs. Lewis that she had little probability of repaying due to the structure US Bank created for the loan, for the purpose of undue financial enrichment.

[2.] The trial court erred not only in denying Mrs. Lewis' motion for an extension for good cause shown, but by denying *all* of Mrs. Lewis' pro se motions after January 16, 2018, when the trial court stated that "no further extensions would be granted." It was only her second extension.

[3.] The trial court's bias against Mrs. Lewis and its partiality toward US Bank violated Mrs. Lewis' right to due process under the law, and to a fair and impartial trial as provided to her by the 14th Amendment of the US Constitution.

[4.] The trial court erred in granting all of US Bank's motions, also regardless of their lack of merit, including their motions for default judgment and summary judgment.

[5.] The trial court erred by issuing a decree of foreclosure against Mrs. Lewis without the due process of law, which is prohibited by the 14th Amendment of the US Constitution.

[6.] The trial court erred by refusing to grant Mrs. Lewis' Rule 60(B) motion to vacate the summary judgment and foreclosure decree regardless of her detailed explanation of US Bank's violation of Ohio's loan fraud statutes, her attorney's negligence, her own excusable negligence and other qualifying factors.

[7.] The trial court erred in attempting to circumvent the appeals process by requiring Mrs. Lewis post a supersedeas bond in any amount, but especially in an inflated amount, that would cost her in excess of $330,000 in cash, knowing that Mrs. Lewis would be unable to pay such an amount, and even though the trial court knew she did not owe US Bank any money, and there was no risk of property damage as US Bank had suggested.

## III. Discussion

{¶ 9} In Lewis' first assignment of error in case No. 18AP-550 and second assignment of error in case No. 18AP-703, she asserts the trial court erred in denying her motion for an extension of time to answer discovery and amend the case schedule. She argues the trial court abused its discretion in precluding any additional extensions after granting her second extension request in January 2018. We disagree.

{¶ 10} Trial courts have inherent power to manage their own dockets and the progress of the proceedings before them. *Canady v. Rekau & Rekau, Inc.*, 10th Dist. No. 09AP-32, 2009-Ohio-4974, ¶ 16. Civ.R. 6(B) allows for an extension of time for a required or permitted act, within the trial court's discretion, "upon motion made after the expiration of the specified period * * * where the failure to act was the result of excusable neglect." The decision whether to grant a motion for extension of time lies within the broad discretion of the trial court and will be reversed on appeal only for an abuse of discretion. *McDougald v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-285, 2017-Ohio-8378, ¶ 19. "Abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 11} Lewis argues the trial court should have granted her motion for an extension of time because she demonstrated good cause. Lewis represented to the trial court that she was dissatisfied with her counsel and she needed more time to prepare her defense in this matter. However, Lewis had already been granted multiple extensions and the trial court was well within its discretion in placing a limitation on the number of extensions. She complains that U.S. Bank's requests for extensions were viewed more favorably than her requests. But U.S. Bank's requests for extensions resulted from Lewis' requests for extensions of time to respond to the foreclosure complaint and the trial court's granting of

those requests. The trial court managed the docket in a reasonable manner to promote the timely and efficient resolution of the case.

{¶ 12} Accordingly, Lewis' first assignment of error in case No. 18AP-550 and second assignment of error in case No. 18AP-703 are overruled.

{¶ 13} Lewis' second assignment of error in case No. 18AP-550 alleges the trial court erred in granting U.S. Bank's motion for default judgment without holding a hearing on the motion. This assignment of error is unavailing.

{¶ 14} In June 2018, U.S. Bank moved for summary judgment against Lewis and default judgment against other defendants. The trial court granted these motions without holding a hearing. U.S. Bank did not seek, and did not obtain, a default judgment against Lewis. Thus, Lewis lacks standing to challenge the lack of a hearing as to U.S. Bank's motion for default judgment against other defendants. *See, e.g., In re J.C.*, 10th Dist. No. 09AP-1112, 2010-Ohio-2422, ¶ 15 (an appealing party cannot raise issues on another's behalf).

{¶ 15} Therefore, Lewis' second assignment of error in case No. 18-550 is overruled.

{¶ 16} Lewis presents multiple assignments of error relating to the trial court's consideration and granting of U.S. Bank's motion for summary judgment. In Lewis' third assignment of error in case No. 18AP-550, she contends the trial court erred in granting U.S. Bank's motion for summary judgment without U.S. Bank first obtaining leave to file the motion, and without the trial court holding a hearing on the motion or considering her alleged facts. Lewis' fourth assignment of error in case No. 18AP-703 generally asserts the trial court erred in granting U.S. Bank's motions for default judgment[1] and summary judgment. Lewis' fourth assignment of error in case No. 18AP-550 asserts the trial court erred in issuing the foreclosure decree because it was based on the "wrong document." Lastly, in Lewis' fifth assignment of error in case No. 18AP-550, she contends the trial court erred in granting U.S. Bank's motion for summary judgment before she had an opportunity to timely respond to the motion.

---

[1] As discussed above, the trial court did not grant default judgment against Lewis and therefore she has no standing to challenge this aspect of the trial court's judgment. Thus, our analysis of this assignment of error is limited to the allegation that the trial court erred in granting summary judgment.

{¶ 17} Before addressing the substance and merits of U.S. Bank's summary judgment motion, we will address Lewis' procedural arguments concerning the trial court's disposition of this motion. Lewis argues the trial court erred in not holding a hearing on the motion. We disagree. Civ.R. 56 does not provide for an evidentiary hearing on a summary judgment motion. *Castrataro v. Urban*, 10th Dist. No. 03AP-128, 2003-Ohio-4705, ¶ 16. And "[w]hile the trial court, in its discretion, may allow an oral argument on the summary judgment motion, it is not required to do so." *Id.* Lewis articulates no reason why the trial court abused its discretion in not holding an oral hearing on U.S. Bank's summary judgment motion, or how she was prejudiced by the absence of such a hearing. Thus, we are unpersuaded by Lewis' argument on this issue.

{¶ 18} Lewis argues the trial court erroneously considered her memorandum in opposition to the motion for default judgment as her response to the summary judgment motion. Lewis thus reasons the trial court based its decision on the "wrong document." This argument is unpersuasive. U.S. Bank's motion for default judgment concerned the defendants that had not filed a response to the foreclosure complaint, and its summary judgment motion related to Lewis because she had filed an answer to the foreclosure complaint. Because Lewis had not otherwise filed a response identified as her challenge to the summary judgment motion, the trial court generously construed her memorandum as such. The trial court, acting within its discretion, considered this filing in its determination of whether Lewis had met her reciprocal burden of demonstrating the existence of a genuine issue of material fact precluding summary judgment. Lewis has shown no abuse of discretion in the trial court's management of the docket and consideration of the documents filed prior to ruling on the summary judgment motion.

{¶ 19} Lewis argues she was not given the proper number of days to respond to U.S. Bank's summary judgment motion. She indicates her belief that she would have 60 days to respond to the motion based on her June 11, 2018 motion for extension of time, or, at a minimum, 28 days based on the applicable Ohio Rule of Civil Procedure. But the applicable rules required a response within 14 days. The version of Civ.R. 56(C) in effect when U.S. Bank moved for summary judgment provided that "[u]nless otherwise provided by local rule or by order of the court," the nonmoving party has 28 days in which to serve responsive arguments to a summary judgment motion. However, Loc.R. 21.01 of the Court of Common

Pleas of Franklin County, General Division provides that the nonmoving party must serve the responsive arguments to a summary judgment motion within 14 days. Thus, the civil rules expressly permitted a local rule to modify the 28-day response time, and the trial court's local rule modified the response time to 14 days. There was no discrepancy.[2] Moreover, Lewis' belief that she would have 60 days to respond was unfounded because the trial court had not granted this requested extension.

{¶ 20} We also reject Lewis' argument that the trial court should not have considered U.S. Bank's summary judgment motion because U.S. Bank did not obtain leave of court to file the motion. When U.S. Bank filed its summary judgment motion on June 14, 2018, the dispositive motions deadline was set for the following day, June 15, 2018, and trial was set for July 31, 2018. Civ.R. 56(A) provides that "[i]f the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court." Franklin County Court of Common Pleas Loc.R. 53.01 states in part that "[p]ursuant to Civ.R. 56(A), leave is hereby granted in all civil cases to file summary judgment motions between the time of filing and the dispositive motion date, unless the Trial Judge decides otherwise by setting a different date." The trial court did not set a different summary judgment motion filing deadline than that provided for by rule, and U.S. Bank filed its motion prior to the dispositive motion cutoff date. Pursuant to Loc.R. 53.01, the trial court granted U.S. Bank leave to so file. Furthermore, trial courts have discretion to consider a summary judgment motion, without expressly giving leave, after the action has been set for pretrial or trial. *Am. Std. Ins. Co. of Ohio v. Sealey*, 10th Dist. No. 03AP-1210, 2004-Ohio-4308, ¶ 8 (the decision to accept the motion is itself "by leave of court"). Therefore, U.S. Bank's summary judgment motion was properly filed and considered.

{¶ 21} We now turn to the merits of U.S. Bank's summary judgment motion. An appellate court reviews the granting of summary judgment under a de novo standard. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41 (9th Dist.1995); *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994). Summary judgment is appropriate only when the moving party demonstrates (1) no genuine issue of material fact exists,

---

[2] The Ohio Rules of Civil Procedure were amended on July 1, 2019 to establish a uniform statewide 28-day deadline for service of responses to motions for summary judgment.

(2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 22} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). However, the moving party cannot discharge its initial burden under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) affirmatively demonstrating that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.*; *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997). Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; *Vahila* at 430; Civ.R. 56(E).

{¶ 23} Here, the trial court granted summary judgment on U.S. Bank's foreclosure claim. "To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present 'evidentiary quality materials' establishing: (1) that the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due." *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. No. 98502, 2013-Ohio-1657, ¶ 17, citing *U.S. Bank, N.A. v. Adams*, 6th Dist. No. E-11-070, 2012-Ohio-6253, ¶ 10, citing *Wachovia Bank v. Jackson*, 5th Dist. No. 2010-CA-00291, 2011-Ohio-3203, ¶ 40-45. In a foreclosure action, presentation of the note and mortgage documents, along with the affidavit of a loan servicing agent or employee with personal knowledge of the account, may provide sufficient evidentiary support for a summary judgment in favor of the mortgagee. *Regions Bank v. Seimer*, 10th Dist. No. 13AP-542, 2014-Ohio-95, ¶ 19,

citing *Deutsche Bank Natl. Trust Co. v. Germano*, 11th Dist. No. 2012-P-0024, 2012-Ohio-5833.

{¶ 24} In support of its motion for summary judgment, U.S. Bank submitted evidence demonstrating each element of its foreclosure claim. Thus, U.S. Bank met its burden in support of its summary judgment motion. Lewis did not carry her reciprocal burden. She presented no evidence showing that a genuine issue of material fact exists. Lewis generally suggests, in unsworn statements, that she was misled when she entered the loan agreement and subsequent modifications, and that the original lender and U.S. Bank have otherwise engaged in unlawful predatory lending. She fails to show, however, that the terms of the original agreement and the loan modifications, in and of themselves, support her allegations of unlawful misconduct, and she submitted no sworn statement setting forth specific facts demonstrating that she was the victim of fraud.

{¶ 25} Because the trial court properly determined that U.S. Bank was entitled to summary judgment in the foreclosure action, we overrule Lewis' third, fourth, and fifth assignments of error in case No. 18AP-550, and her fourth assignment of error in case No. 18AP-703.

{¶ 26} In Lewis' first assignment of error in case No. 18AP-703, she contends that her allegations of U.S. Bank's misconduct were sufficient to warrant a Civ.R. 60(B) hearing. Her sixth assignment of error in both case Nos. 18AP-550 and 18AP-703 also allege it was error for the trial court to deny her Civ.R. 60(B) motion without a hearing.

{¶ 27} To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must satisfy a three-prong test. The movant must demonstrate (1) she has a meritorious defense or claim to present if relief is granted; (2) she is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and, when relying on a ground for relief set forth in Civ.R. 60(B)(1), (2), or (3), she filed the motion not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. There will be no relief from judgment if the movant fails to satisfy any one of the prongs of the *GTE* test. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). An appellate court reviews a trial court's denial of a Civ.R. 60(B) motion for an

abuse of discretion. *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, ¶ 7; *Oberkonz v. Gosha*, 10th Dist. No. 02AP-237, 2002-Ohio-5572, ¶ 12.

{¶ 28} In view of these standards, "if the Civ.R. 60(B) motion contains allegations of operative facts that would warrant relief from judgment, the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion." *Mattingly v. Deveaux*, 10th Dist. No. 03AP-793, 2004-Ohio-2506, ¶ 7. Conversely, "[i]f the material submitted by the movant in support of a motion for relief from judgment under Civil Rule 60(B) contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing." *Adomeit v. Baltimore*, 39 Ohio App.2d 97 (8th Dist.1974), paragraph four of the syllabus; *see Traxler v. Traxler*, 6th Dist. No. WM-03-015, 2004-Ohio-1644, ¶ 36 ("a party moving for relief under Civ.R. 60(B) is not automatically entitled to an evidentiary hearing").

{¶ 29} In her Civ.R. 60(B) motion, Lewis provided no argument in support of a meritorious defense or claim. In her reply memorandum in support of her motion she alleged she was the victim of fraud. In denying Lewis' Civ.R. 60(B) motion, the trial court reasoned in part that Lewis had failed to present operative facts, beyond mere general allegations or conclusions, in support of her motion. On appeal, Lewis fails to demonstrate that the trial court's reasoning was unfounded. Instead, she again makes conclusory assertions regarding U.S. Bank's alleged misconduct and raises new arguments to support her Civ.R. 60(B) motion. However, her conclusory assertions are insufficient to demonstrate trial court error, and a party who fails to raise an argument in the trial court waives the right to raise it on appeal. *Betz v. Penske Truck Leasing Co., L.P.*, 10th Dist. No. 11AP-982, 2012-Ohio-3472, ¶ 34.

{¶ 30} Because Lewis fails to show the trial court abused its discretion in denying her Civ.R. 60(B) motion without a hearing, we overrule her first and sixth assignments of error in case No. 18AP-703 and her sixth assignment of error in case No. 18AP-550.

{¶ 31} Lewis' third and fifth assignments of error in case No. 18AP-703 contend the trial court denied her due process. While Lewis asserts the trial court violated her due process rights in granting U.S. Bank's summary judgment motion, she does not develop this argument or otherwise cite any legal authority to support it. Consequently, we reject

this contention. *See Toliver v. Vectren Energy Delivery of Ohio, Inc.*, 145 Ohio St.3d 346, 2015-Ohio-5055, ¶ 30 (explaining that an undeveloped legal argument does not establish reversible error); *In re B.L.O.*, 4th Dist. No. 19CA1, 2019-Ohio-2062, ¶ 28 (appellate courts may disregard undeveloped arguments as they fail to comply with the rules of appellate practice).

{¶ 32} Accordingly, Lewis' third and fifth assignments of error in case No. 18AP-703 are overruled.

{¶ 33} Lewis' seventh assignment of error in both case Nos. 18AP-550 and 18AP-703 allege the trial court erred in denying her motion for a stay pending appeal. These assignments of error are meritless.

{¶ 34} The trial court denied Lewis' request for a stay because she failed to post a supersedeas bond pursuant to R.C. 2505.09. R.C. 2505.09 provides that "an appeal does not operate as a stay of execution until a stay of execution has been obtained pursuant to the Rules of Appellate Procedure or in another applicable manner, and a supersedeas bond is executed by the appellant to the appellee." Thus, "no appeal operates as a stay of execution unless and until a supersedeas bond is executed by the appellant and approved by the court." *In re Frederickson*, 10th Dist. No. 84AP-683 (May 2, 1985). Here, Lewis argues a stay should have been entered even in the absence of her posting a supersedeas bond, and she argues that requiring her to post the supersedeas bond was unduly harsh. She contends that R.C. 2505.09 does not apply based on R.C. 2505.12(B), which provides that an "appellant is not required to give a supersedeas bond in connection with * * * [a]n administrative-related appeal of a final order that is not for the payment of money." But this matter does not involve an administrative-related appeal of a final order that is not for the payment of money. Thus, R.C. 2505.12(B) does not apply. Further, while Lewis suggests the supersedeas bond requirement violates her due process rights, she does not develop this argument or otherwise cite any legal authority to support it. Consequently, we reject it. *See Toliver* and *In re B.L.O.*, supra.

{¶ 35} Therefore, we overrule Lewis' seventh assignment of error in both case Nos. 18AP-550 and 18AP-703.

## IV. Disposition

{¶ 36} Having overruled all of Lewis' assignments of error, we affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

BROWN and DORRIAN, JJ., concur.

—————————————